IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | NO. 3:10-CR-00260 |
| | ) | Judge Haynes |
| v. | ) | |
| | ) | |
| ABDIFITAH JAMA ADAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This Order addresses the United States's motion in limine under Fed. R. Evid. 412 and 608(b) seeking to exclude evidence Jane Doe 1's prior sexual allegations against her uncle that Jane Doe 1 later withdrew (Docket Entry No. 1318). Defendant Hamdi Ali Osman filed a response (Docket Entry Nos. 1353) that appears to address issues much broader than the limited scope of the Government's motion.

After review of these parties' submissions, the Court concludes that there has not been a showing that the Defendant Osman can satisfy any of the three requirements under Rule 412(b) to warrant the introduction of this evidence. See Boggs v. Collins, 226 F.3d 728, 737-38 (6th Cir. 2000); United States v. Cardinal, 782 F.2d 34, 35-36 (6th Cir. 1986). The alleged conspiracy to traffic Jane Doe 1 for commercial sex acts is also different in nature and scope than the allegations cited in the Government's motion

To the extent other evidentiary issues on this general subject may be raised, the Court will consider such issues only in the context of a motion under Fed. R. Evid. 412(c)(1)(A).

Accordingly, the United States's motion in limine under Fed. R. Evid. 412 and 608(b) seeking to exclude evidence Jane Doe 1's prior sexual allegations (Docket Entry No. 1318) is

**GRANTED.**

It is so **ORDERED.**

**Entered** this the ___ day of February, 2012.

_____
William J. Haynes, Jr.
United States District Judge