IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:10-00260 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| ABDIFITAH JAMA ADAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

This Memorandum addresses the motions to dismiss filed by the Defendants: Hamdi Osman (Docket Entry Nos.1432 and 1433); Abdullahi Hashi (Docket Entry No.1476); and Andrew Kayachith (Docket Entry No. 1513). Several Defendants were granted leave to join Defendant Kayachith's Motion to Dismiss: Abdullahi Afyare (Docket Entry No. 1518); Hassan Ahmed Dahir (Docket Entry No. 1526); Haji Osman Salad (Docket Entry No. 1543); and Abdullahi Hashi (Docket Entry No. 1568).[1] Defendants Osman's and Hashi's motions address purported deficiencies in the Second Superseding Indictment. Defendant Osman also asserts that Counts 1, 2 and 14 are multiplicitous. Defendant Kayachith challenges Counts 12 and 13 as multiplicitous. The Government filed its response to these motions. (Docket Entry No. 1706).

Osman's motion argues that the Second Superseding Indictment fails to state the specific facts of her involvement and does not state the Government's theories for the conspiracies, their limits and objectives. Osman argues that under United States v. Piccolo, 696 F.2d 1162 (6th Cir. 1983) and United States v.Enright, 579 F.2d 980 (6th Cir.1978), the indictment must allege and

---

[1] See Court's Orders (Docket Entry Nos. 1606 and 1608).

the Government must prove facts that (1) a conspiracy existed, (2) the defendant against whom the hearsay is admitted is a member of that conspiracy, and (3) the hearsay statement was made in furtherance of the conspiracy.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment need only contain elements of the alleged offense and core facts that are sufficient to inform the accused of the charge and to enable the defendant to prepare a defense. United States v. Middleton, 246 F.3d 825, 841 (6th Cir. 2001). An indictment that tracks the statutory language with core factual allegations provides sufficient notice to the defendant, United States v. Harvey, 484 F.3d 453, 456 (7th Cir. 2007), even without setting forth the specific manner and means by which the offense(s) was committed. United States v. Kuehne, 547 F.3d 667, 696 (6th Cir. 2008).

Here, the Second Superseding Indictment alleges that Osman was a member of the Ladies Outlaws ("LOL") gangs (Docket Entry No. 591 at ¶ 1(f)) who conspired to recruit females to participate in commercial sex acts in exchange for money. Id at ¶¶ 1(e) and 2. In addition, the Second Superseding Indictment charges that in or about January 2006, Osman approached Jane Doe 1 and attempted to entice her to engage in commercial sex. Id. at ¶ 8. In February 2008, Osman allegedly provided Jane Doe 3 with a place to stay and food in exchange for Jane Doe 3's participation in prostitution. Id. at ¶¶ 52-57. Count Two of the indictment re-alleges the relevant portions of Count One and charges a conspiracy to engage in sex trafficking in violation of Section 1594(c). Count Three alleges that Osman conspired to obstruct justice in attempts to influence the testimony of Jane Doe 2, but does not list an overt act by Osman. Id. at ¶¶ 70-81.

Count Four alleges that Osman attempted to obstruct the enforcement of Section 1591, but without any specific reference to an overt act by Hamdi Osman Id. at ¶ 82. Count Fourteen alleges that, on February 2, 2008, Hamdi Osman attempted to entice Jane Doe 3 into prostitution. Id. at ¶ 82.

Upon review, the Court concludes that the Second Superseding Indictment tracks the statutory language and states all of the relevant elements with some specific acts attributed to Hmdi Osman. An indictment need not set forth the government's theory of the case. See, e.g., United States v. Shareef, 190 F.3d 71, 75-76 (2d Cir. 1999). The Orders on government disclosure supplements the notice obligations of Rule 7. Given the Court's Orders on production and the Government's production, the Court concludes that the Second Superseding Indictment is sufficient to state the offenses against Hamdi Osman. The Court has elected the third option under United States v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979), that renders Osman's contentions based Piccolo and Enright for the admission of out of court statements moot. See Docket Entry No. 1676.

Defendant Hashi submits documentary proof of his birth on December 21, 1989 to show that he was a juvenile for most of the period of the conspiracy. Defendant Hashi contends that his age can be decided under Rule 12(b)(2) of the Federal Rules of Criminal Procedure without a jury. The Government responds that the Court is limited to whether the indictment is sufficient so as to preclude any extrinsic evidence relating to the indictment, citing Unites States v. Critzer, 951 F.2d 306, 307-8 (11th Cir. 1992) (per curiam) (court should look only at face of indictment, not at facts the government expects to prove at trial). Thus, the Government contends that Hashi's age is an affirmative defense to be decided by the jury. Given that there will be proof of

3

the victims' ages at trial (Docket Entry No. 1078), the Court is inclined to leave all age issues to the jury with instructions that proof of any activity by any Defendant prior to turning eighteen cannot be the basis for deciding his or her guilt or innocence, but may be probative of his or her intention after becoming 18 years of age to participate in any of the offenses charged.

Kayachith's motion argues that Counts 12 and 13 charging respectively, the offense of actual sexual trafficking and the offense of attempted sexual trafficking, are multiplicitous because these offenses have the same elements and require the same proof.

To decide whether two offenses are in effect the same offense, the Court is to consider legislative intent and whether the offenses require separate proof. Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Damrah, 412 F.3d 618, 622 (6th Cir. 2005). As to legislative intent, Congress enacted two separate statutes for attempted sexual trafficking in Section 1594(a) and engaging in actual sexual trafficking in Section 1591. Thus, the Court concludes that Congress intended to criminalize "attempted" sexual trafficking and actual sexual trafficking, as distinct offenses by enacting distinct statutes. Moreover, Section 1591 requires proof beyond an attempt to engage in sexual trafficking, whereas Section 1594(a) requires only an attempt to engaging in sex trafficking. Thus, the Court concludes that Kayachith's contention that Counts 12 and 13 have common elements and require proof of the same facts lacks merit.

Kayachith cites United States v. Carter, 576 F.2d 1061, 1064 (3d Cir. 1978), involving possession with the intent to distribute and distribution of heroin. In Carter, the defendant delivered a small quantity of heroin to a co-conspirator who diluted the substance and then resold a much larger quantity of drugs. The Third Circuit held that the defendant could be properly be found guilty of both offenses: "Inasmuch as the jury found that Carter was a member of the

conspiracy that was the subject of the indictment, he was chargeable with and responsible for the two particular substantive offenses committed in furtherance of the conspiracy at a time that he was a member of it". Id.

Here, Kayachith can be held responsible for acts in furtherance of the conspiracies when he was a member of the conspiracies and for both his attempts to engage in sexual trafficking and his actual acts of engaging in sexual trafficking. Because attempted sexual trafficking and completed sexual trafficking are different offenses involving different elements and separate proof, Kayachith's argument fails.

Osman also argues that Counts One, Two, and Fourteen are multiplicitous. Count One charges conspiring to entice and recruit for purposes of sex trafficking. Count Two charges § 1591 (a)(2), requiring a "benefit" for engaging in sex trafficking. Count Fourteen charges "attempted" sex trafficking. For the same reasons stated on Kayachith's motion and based upon Carter, the Court also concludes that these counts also charge distinct offenses.

For these reasons, the Court concludes that these motions to dismiss should be denied.

It is so **ORDERED**.

**ENTERED** this the 2nd day of March, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge

5