UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 3:10-00260 |
| | ) |
| | ) JUDGE HAYNES |
| ABDIFATAH ADAN, et al | ) |

**GOVERNMENT'S MOTION FOR A PRE-TRIAL HEARING TO DETERMINE THE ADMISSIBILITY OF FOREIGN LANGUAGE TRANSCRIPTS**

*[Handwritten annotation: Granted. This motion was granted. The witness and transcripts are admissible but subject to proof of the interpreter by the Defendants. /s/ 3-6-12]*

Comes now, the United States, by and through the undersigned, and respectfully moves this Honorable Court to issue an order for a pre-trial conference in order to establish the admissibility of several foreign language translations. The instant prosecution involves numerous jail calls between Defendants discussing their criminal activities in Somali. At trial, the Government will seek to introduce translations of these calls. In anticipation of this evidence, the Government asks this Court to have a pre-trial hearing to determine the admissibility of the transcripts. In support of its motion, the Government sets forth the following:

"[I]t is the independent duty of the district court to make sure that '[a]ll pleadings and proceedings ... be conducted in the English language.'" 48 U.S.C. § 864; United States. v. Rivera-Rosario, 300 F.3d 1, 10 (1st Cir. 2002); see also United States v. Gallo, 763 F.2d 1504, 1530 (6th Cir.1985) (ruling that "it is the duty of the court, not the attorneys, to meet the Act's requirements"). "[W]hen a district court violates the English language requirement and allows non-English language evidence to be admitted without translation, both parties are prejudiced by