UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) NO. 3:10-00260 ) |
| | ) JUDGE HAYNES |
| | ) |
| ABDIFATAH ADAN | ) |

*[Handwritten annotation: GRANTED / For the reasons stated in open court, the motion is DENIED. /s/ [signature] 4-10-12]*

**GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND/OR ARGUMENT REGARDING JANE DOE TWO'S REAL NAME AND COURT PROCEEDINGS**

Comes now, the United States, by and through the undersigned, and respectfully moves this Honorable Court to issue an order excluding evidence and/or arguments regarding Jane Doe Two's (JD2) alleged real name and court proceedings. On Monday, April 9, 2012, during opening arguments in the instant trial, Counsel for Yassin Abdirahman Yusuf (29) claimed that the anticipated proof will show that JD2's real name is not her current name and that both her mother and father committed perjury. JD2's alleged real name is irrelevant. All parties will consistently refer to JD2 as "JD2." Her real name is not an element of proof in any charge pending against any Defendant. No one is arguing that she is not the person that Defendants sexually trafficked. Similarly, it is inappropriate for Yusuf to discuss court proceedings with the jury. To the extent that Yusuf seeks to admit proof regarding JD2's date of birth and her parents' representations to the Court, he is obviously free to do so; however, references to court proceedings is inappropriate.

Federal Rule of Evidence 403 states, "The court may exclude relevant evidence if its

-1-