UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 3:10-00260 |
| ) | |
| ) | JUDGE HAYNES |
| ABDIFATAH ADAN ) | |

*[handwritten: Order. For the reasons stated in open court, the motion is DENIED. /s/ 4-16-12]*

## GOVERNMENT'S MOTION IN LIMINE REGARDING LAY WITNESS TESTIMONY ON AGE AND MOTION TO RECALL TEACHERS

Comes now, the United States, by and through the undersigned, and respectfully moves this Honorable Court for an order allowing the Government to present lay witness testimony regarding Jane Doe Two's (JD2) age and to recall its witnesses who are teachers. In support of its motion, the Government states the following:

The law-of-the-case doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." ... A court has the power to revisit prior decisions of its own in any circumstance. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 2178 (1988); United States v. Todd, 920 F.2d 399, 403 (6th Cir. 1990). The doctrine of the law of the case, therefore, does not foreclose a court from reconsidering issues in a case previously decided by the same court or another court. Id.

Federal Rules of Evidence 701 allows a non-expert witness to express an opinion "rationally based on the perception of the witness" which is "helpful to ... the determination of a fact in issue." "The trial court has broad discretion to determine whether a lay witness is

-1-