# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     PLAINTIFF, ) <br> ) <br> vs. ) <br> ) <br> ANDREW KAYACHITH (17), ) <br> ) <br>     DEFENDANT. ) <br> ) | Case No. 3:10-00260 <br><br> JUDGE HAYNES |

## DEFENDANT KAYACHITH'S SUPPLEMENT TO DEFENDANTS' RESPONSES TO GOVERNMENT'S MOTIONS IN LIMINE

Comes now the Defendant, ANDREW KAYACHITH (17), by and through his appointed counsel, and in partial supplement to the responses provided by the designated defense counsel to the motions in limine filed by the Government, hereby provide the following:

### I. Government's Misuse of the Motions *in Limine* Procedure

As a threshold matter, the Government's use of motions *in limine* to assert the claims raised in each of the separately filed motions *in limine* is inappropriate. Motions *in limine* are "a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). In this case, the Government is not asking for guidance (it already knows the Court's ruling); instead, it is asking for the Court to reconsider its ruling on various issues decided at the first trial. As such, the proper vehicle to bring such a claim is a motion to reconsider, not a motion in limine. However, even if these claims had been styled as a motion to reconsider, the Court should still

1

deny them because the Government has offered no new evidence, argument or reason for the Court to reconsider its previous rulings.

It appears that the Government has intentionally styled its claims as motions in limine in hopes that the anticipated adverse ruling could then be appealed to the Sixth Circuit prior to the next scheduled trial date. However, the Government has overlooked two important points. First of all, this Court has the discretion whether to even address the Government's motion in limine. *Id.* ("The trial court **may,** *within its discretion*, provide such guidance by making a preliminary ruling with respect to admissibility.") (emphasis added). As such, this Court is well within its power to exercise its discretion **not** to entertain the Government's motions in limine. *E.g., New Jersey v. Portash,* 440 U.S. 450, 462 n. 1, 99 S.Ct. 1292, 1298, 59 L.Ed.2d 501 (1979) (Powell, J. concurring); *United States v. Johnston,* 543 F.2d 55, 59 (8th Cir.1976), *Houston v. Lane,* 501 F.Supp. 5 (E.D.Tenn.1978), *aff'd,* 636 F.2d 1217 (6th Cir.1980), *cert. denied,* 450 U.S. 1003, 101 S.Ct. 1714, 68 L.Ed.2d 207 (1981).

Second, even if the Court were to exercise its discretion and rule on the motion *in limine*, the Court's decision would not be a final decision in which an appeal could be taken. The Court may change its ruling, "for whatever reason, when the evidence is actually offered and objected to at trial." *Luce* at 1239. "A ruling on a motion *in limine* is therefore essentially an advisory opinion by the trial court." *Id.*

Because the Government in this case is not actually seeking guidance from this Court but is instead trying to misuse the motion *in limine* procedure to seek an appeal, this Court should exercise its discretion to refuse to entertain said motions.

## II. The Commission or Offer of Sex by itself is not a "Commercial Sex Act."

In one of its motions in limine, the Government argues that the commission or offering of a sex act by itself is a "thing of value" even if nothing of value is given or received by another person in return. It then asks this Court to rule pretrial as to the propriety of this contention. The Court assigned Mr. Bob Lynch to provide the initial defendants' response to this issue. With all due respect to Mr. Lynch, it appears that because he did not participate in the initial trial he may have misunderstood the crux of the Government's claim in this particular motion in limine. As such, this response is to the particular issue raised by the Government at the first trial in this matter.

This is essentially a statutory construction issue. "Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with an examination of the plain language of the statute." *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 759 (3d Cir. 2009) (quoting *United States v. Diallo,* 575 F.3d 252, 256 (3d Cir.2009) (internal quotation marks and citation omitted)); *see also Lamie v. United States Tr.,* 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) ("[W]hen the statute's language is plain, the sole function of the courts ... is to enforce it according to its terms."). Thus, the necessary starting point in any attempt to discern congressional intent is the language of the statute itself. *United States v. Abbott,* 574 F.3d 203, 206 (3d Cir.2009).

In this case, the statute provides that a "commercial sex act" is "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. 1591(e)(3). As such, the plain reading of the statute does not support the government's contention that the commission or offering of the sex act is by itself a thing of "value." On the contrary, the plain language provides that the "sex act" must be "on account of" anything of value being given to or received.

3

If the Government's contention was correct, that is that the commission or offering of the sex act is by itself a thing of "value," then there would be no need to use the term "commercial sex act." The performance of the "sex act" itself would be enough, and whether anything of value was given in exchange for the sex act would be meaningless. Thus, the Government's interpretation, by ignoring the words "on account of," violates one of the principle cannons of statutory construction which is that " 'every clause and word of a statute' " should, " 'if possible,' " be given " 'effect.' " *United States v. Menasche,* 348 U.S. 528, 538–539, 75 S.Ct. 513, 99 L.Ed. 615 (1955).

As mentioned above, a "commercial sex act" is "any sex act, ***on account of which*** anything of value is given to or received by any person." As such, to give meaning to every word used by the legislature, the "sex act" in order to be consider a "commercial sex act" must be performed "on account of" anything of value being given or received by any person. Essentially there must be a quid pro quo. If a person has sex with another person and no person receives anything of value on account of the sex act being performed, then the sex act by itself cannot be considered a "commercial sex act."

The Court's instructions to the jury at the first trial on this particular issue were detailed and accurate. Despite the Government's claims to the contrary, the Court would have erred by instructing the jury that it could consider the sex act itself as a thing of value regardless of whether anything else of value was given or received by another person. As such, the Court should deny the Government's motion *in limine*.

4

Respectfully Submitted,

s/ John E. Nicoll

_____

JOHN E. NICOLL, BPR #020228
The Nicoll Law Firm, PLLC
Attorney for Defendant
313 South Ramsey Street
Manchester, Tennessee 37355
(931) 723-7885

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document has been duly served upon:

Van Vincent
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203

along with all other defendant in this case, by the Court's electronic filing system.

This the 29th day of April, 2013.

s/ John E. Nicoll

_____

John E. Nicoll

5

Case 3:10-cr-00260   Document 3131   Filed 04/29/13   Page 5 of 5 PageID #: 21762